UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MICHAEL A.R. JORDAN,

       Plaintiff,

                     05-CV-3005
  -against-                (SJF)(ETB)

JOHN E. POTTER, Postmaster
General, U.S. Postal Agency,           **OPINION & ORDER**

       Defendant.
------------------------------------------------------X
FEUERSTEIN, District Judge:

On June 22, 2005, *pro se* plaintiff Michael A.R. Jordan (plaintiff) commenced this employment discrimination action against John E. Potter, Postmaster General, U.S. Postal Agency (defendant) alleging, *inter alia*, violations of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166). Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.[1] For the reasons set forth herein, defendant's motion is granted in part and denied in part.

I.   BACKGROUND

  A.  Factual Allegations

---

[1] In opposition, plaintiff, in effect, seeks reconsideration of an order rendered November 17, 2005 which modified an order of Magistrate Judge Boyle dated October 12, 2005 appointing counsel to plaintiff, to the extent of appointing pro bono counsel to plaintiff once this case is ready for trial. However, plaintiff's application is moot, since Martin J. Coleman, Esq., entered an appearance on behalf of plaintiff on March 21, 2007.

At all relevant times, plaintiff was employed by the United States Postal Service (USPS) as a city carrier at the Soundview Post Office in Bronx County, New York. (See Declaration of AUSA Diane Leonardo Beckmann [Beckmann Decl.], Exhibits [Ex.] B and C). Plaintiff alleges that on November 25, 1991, he fell from a second story patio down a flight of stairs, as a result of which he sustained back and shoulder injuries and post traumatic stress. (Complaint [Compl.], ¶ 8; Exhibits at pp. 16 and 23). According to plaintiff, he has been continuously harassed "by management" since the accident and was told that he was "taking up a slot than an able body [sic] carrier can fill who performs at 100%." (Id.). In addition, plaintiff alleges that "management" tried to remove him from "the services" by lying at his arbitration hearing. (Id.). Plaintiff further alleges that management approved him for sick leave, then claimed that he never called in seeking sick leave. (Id.). According to plaintiff, he was also refused advancement and was told that as long as he is disabled on the job, he cannot apply for any position of advancement. (Id.).

B. Administrative Proceedings

On March 24, 2005, plaintiff sought EEO counseling by filing a request for an appointment with a Dispute Resolution Specialist (DRS). (Beckmann Decl., Ex. B). In the "Information for Pre-Complaint Counseling" form that he completed in preparation for the EEO counseling, plaintiff indicated that on March 2, 2005, as he returned to the Soundview station from an arbitration hearing, he was approached by Ralph R. Colon (Colon), an assistant manager of customer services, who he was "official[ly]" meeting for the first time, and told to get out of the station. (Id.). Plaintiff further indicated that prior to that date, in May 2004, he had a confrontation with Mr. Rosario, postmaster at the Cornell Station, because Ms. Felix, the manager, did not want him starting and ending his tour out of uniform. (Id.). According to plaintiff, that incident was "where the

harrasment [sic] started again." (Id.). Plaintiff indicated that the resolution he sought was to "be treated in a professional manner [and] not be single [sic] out by management at all levels. To be treated like any other employee at [his] station." (Id.).

On April 4, 2005, plaintiff filed a written complaint with Mitchell Sturman, Manager of the EEO Office of the USPS, alleging (1) that his manager, Mr. Bermudez, told him that he wanted plaintiff out of the Soundview station due to his handicap because he needed a carrier who could perform at one hundred percent and that as long as plaintiff had a handicap, he was not eligible for any position of advancement; (2) that on October 26, 2002 Ms. Lewis, one of plaintiff's supervisors, "with full knowledge of [his] medical restrictions, gave [him] a direct order to lift a 65 lb express package for delivery even though [he] told her [he] could not;" (3) that Ms. Lewis subsequently hid his medical documentation; (4) that Roberto Medina (Medina), another of plaintiff's supervisors, lied about not receiving a call from him on March 19, 2005 reporting in sick and stating that he was not going to be in to work until March 23, 2005, and reported him Absent Without Leave (AWOL); and (5) that Medina also lied on March 2, 2005 about giving him permission to attend an arbitration hearing with the postal vehicle assigned to him. (Compl., Exhibit at p. 25).

By letter date April 29, 2005, the EEO summarized the claims for which plaintiff sought EEO counseling as follows: (1) that on March 2, 2005, the Manager (Colon) told him to get out of the station; (2) that on March 2, 2005, the Manager did not identify himself before giving plaintiff a direct order; (3) that on March 18, 2005, plaintiff received a pre-disciplinary interview for unauthorized use of a postal vehicle; and (4) that on March 22, 2005, plaintiff received an AWOL. (Beckmann Dec., Ex. C). The EEO Office advised plaintiff that with respect to plaintiff's requested resolution, Medina no longer worked at the station and the other officials advised that they would continue to treat plaintiff with dignity, mutual respect and

3

professionalism and, thus, plaintiff's requested resolution was honored. (Id.). Plaintiff was advised of his right to file a formal EEO complaint. (Id.).

On May 5, 2005, plaintiff filed a formal EEO complaint against Colon, Bermudez and Medina, alleging discrimination based upon his disability and retaliation. (See Compl., Exhibit [Ex.] A; Beckmann Decl., Ex. D). In the EEO complaint, plaintiff alleged (1) that on March 2, 2005, his manager (Bermudez) lied during the arbitration hearing to have him removed from the USPS, causing him undue stress; (2) that on that same date, his manager (Colon) did not identify himself when he gave plaintiff a direct order to get out of the station; and (3) that on March 22, 2005, plaintiff was charged as AWOL by Medina and Colon, even though Medina previously approved his sick leave request. (Id.).

By decision dated May 16, 2006, the EEO dismissed plaintiff's first claim on the grounds that plaintiff did not raise that claim during counseling, as required by 29 C.F.R. § 1614.107(a)(2), and that the Office of EEO has no jurisdiction over the arbitration process and, thus, plaintiff failed to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). (Compl., Ex. A). The EEO dismissed plaintiff's second claim on the ground that he was not aggrieved by the conduct alleged therein and, thus, he failed to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). (Id.). The EEO dismissed plaintiff's third claim as moot pursuant to 29 C.F.R. § 1614.107(a)(5), since the file revealed that that claim had been resolved.

On June 22, 2005, plaintiff commenced this employment discrimination action against John E. Potter, Postmaster General, U.S. Postal Agency (defendant) purportedly pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub. L.

No. 102-166)[2], alleging failure to promote, failure to accommodate, and unequal terms and condition of employment due to his disability; retaliation; harassment; and that his medical restrictions were violated. With respect to his retaliation claims, plaintiff claims to have engaged in EEO activity on April 21, 1997 and November 4, 1997. (Beckmann Decl., Ex. B).

Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.

II. ANALYSIS

A. Standard of Review

The standard of review on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is the same standard applied to a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See, Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). Accordingly, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) should be granted only where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal quotations and citations omitted). In deciding the motion, the Court must

---

[2] The ADA does not provide a remedy for a federal employee claiming employment discrimination. See 42 U.S.C. § 12111(5)(B)(i). Rather, a federal employee must bring a claim of discrimination based on disability under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, if anywhere. See Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). However, since the regulatory schemes of the ADA and the Rehabilitation Act are similar, see Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997), and since plaintiff was proceeding *pro se* when he commenced this action, I will construe his complaint as raising claims under the Rehabilitation Act.

liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See, Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); New v. Ashcroft, 293 F.Supp.2d 256, 257 (E.D.N.Y. 2003). The court's task "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt, 340 F.3d at 101 (internal quotations and citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims. See, New, 293 F.Supp.2d at 257 (citing Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 [2d Cir. 1995]). The Court must limit itself to the facts alleged in the complaint, to any documents attached to the complaint as exhibits or incorporated by reference therein, to matters of which judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit. See, Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993); Spencer Trask Software and Information Services LLC v. RPost Intern. Ltd., No. 02 Civ. 1276, 2003 WL 169801, at * 4 (S.D.N.Y. Jan. 24, 2003).

Moreover, a *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 [1972]). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 [2d Cir. 1994]). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983). If it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations," the

complaint should be dismissed. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

B.     Failure to Exhaust Administrative Remedies

A federal employee seeking relief for disability discrimination under the Rehabilitation Act must follow the procedures set forth under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII). See Cannizzaro v. Principi, No. 01 CV 6729, 2005 WL 887136, at * 3 (E.D.N.Y. Jan. 6, 2005). Thus, a federal employee must exhaust certain administrative remedies before initiating a lawsuit under the Rehabilitation Act in federal court. Bruce v. U.S. Dept. of Justice, 314 F.3d 71, 74 (2d Cir. 2002); Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000).

The EEOC regulations governing the Rehabilitation Act require that a federal employee alleging employment discrimination first initiate contact with an EEO counselor within forty-five (45) days of the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). The employee must then file an EEO complaint with "the agency that allegedly discriminated against [him or her]." 29 C.F.R. § 1614.106. The federal employee may file suit in federal court within ninety (90) days of the agency's final decision, or after the passage of one hundred-eighty (180) days from the filing of the EEO complaint with the agency if no final decision has been rendered. 29 C.F.R. § 1614.407. The Court may dismiss any claim that is not included in an EEOC charge or that is not "based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Butts v. City of New York Dept. of Housing Preservation and Development, 990 F.2d 1397, 1401 (2d Cir. 1993), superceded by statute on other grounds as stated in Hawkins v. 1115 Legal Services Care, 163 F.3d 684 (2d Cir. 1998); Amendola v. Henderson, 182

F.Supp.2d 263, 277 (E.D.N.Y. 2001). "[S]ubsequent conduct is reasonably related to conduct in an EEOC charge if: (1) the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; (2) it alleges retaliation for filing the EEOC charge; or (3) the plaintiff alleged further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts, 990 F.2d at 1402-1403.

The only relevant claim raised by plaintiff on the Pre-Complaint Counseling form was that on March 2, 2005, Colon did not identify himself to plaintiff when he told him to get out of the station. Even assuming that plaintiff's April 4, 2005 written complaint to Sturman relates to the EEO counseling, the only claims plaintiff raised therein were that the manager told him that he wanted plaintiff out of the Soundview station due to his handicap and that he was not eligible for advancement; that another manager told him to lift a heavy package despite knowledge of his medical restrictions and hid his medical documentation; that he was wrongfully reported AWOL; and that on March 2, 2005, his supervisor lied about giving him permission to use a postal vehicle to attend an arbitration hearing. Of those claims, plaintiff only raised his claims that Colon told him to get out of the station on March 2, 2005 and that he was wrongfully reported AWOL in his formal EEO complaint. A third claim, that his manager lied during the arbitration hearing, was dismissed by the EEO, *inter alia*, for plaintiff's failure to raise it during the EEO counseling. Accordingly, the only claims exhausted by plaintiff are the two claims: (1) that on March 2, 2005, Colon did not identify himself before he told plaintiff to get out of the station; and (2) that on March 22, 2005, plaintiff was wrongfully reported as AWOL. Accordingly, plaintiff's claims only relate, if at all, to his allegations of harassment and unequal terms and

8

conditions of employment[3]. Thus, plaintiff's claims (1) of failure to promote; (2) of failure to accommodate; and (3) of a violation of medical restrictions are not exhausted. As plaintiff does not allege that any of that conduct occurred subsequent to his filing of the formal EEO complaint, and those claims are otherwise not reasonably related to his claims in the EEO complaint, defendant has established that plaintiff did not timely exhaust his administrative remedies. See, e.g. Cannizzaro, 2005 WL 887136, at * 3 (dismissing the plaintiff's claims of failure to promote or accommodate because the plaintiff failed to include those claims in her EEOC complaint and did not allege that those claims occurred subsequent to the filing of her complaint).

However, contrary to defendant's contention, the exhaustion requirement, is not jurisdictional and is subject to the equitable principles of waiver, estoppel and tolling. See Boos, 201 F.3d at 181-184; Reidy v. Runyon, 971 F.Supp. 760, 766 (E.D.N.Y. 1997). Although the burden of demonstrating that plaintiff did not timely exhaust his or her administrative remedies lies with the defendant, see Ferrer v. Potter, No. 03 Civ. 9113, 2005 WL 1022439, at * 6 (S.D.N.Y. May 3, 2005), the burden of demonstrating the appropriateness of any of the equitable principles lies with the plaintiff. Boos 201 F.3d at 185. "Equitable tolling has been applied 'only sparingly' in private suits and a 'no more favorable tolling doctrine may be employed against the Government.'" Jenkins v. Potter, 271 F.Supp.2d 557, 563 (S.D.N.Y. 2003) (quoting Irwin v. Department of Veteran Affairs, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 [1990]). Plaintiff

---

[3] Contrary to defendant's contention, the fact that plaintiff has not identified any other employees similarly situated to him is not fatal to his claims of unequal terms and conditions of employment at the pleadings stage. The question of whether other employees were similarly situated to a plaintiff is a question of fact that is not appropriately resolved on a motion to dismiss. See Lee v. HealthFirst, Inc., No. 04 Civ. 8787, 2006 WL 177175, at * 7 (S.D.N.Y. Jan. 25, 2006).

has not satisfied his heavy burden of establishing that equitable tolling, waiver or estoppel should apply here, and even a liberal reading of the complaint does not suggest that any of those principles should apply. Accordingly, plaintiff's claims of failure to promote, failure to accommodate and violation of medical restrictions are dismissed for failure to exhaust administrative remedies.

### C. Disability Discrimination Claims

Claims under the Rehabilitation Act, 29 U.S.C. § 794(a)[4], are analyzed under the burden-shifting standard established for employment discrimination claims under Title VII of the Civil Rights Act of 1964 set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See, Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 45-46, 48 (2d Cir. 2002). Pursuant to the McDonnell Douglas analysis, a plaintiff must first establish a *prima facie* case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817; see also D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)(holding that the plaintiff in a suit brought under the Rehabilitation Act bears the initial burden of establishing a *prima facie* case under the Act); Simms v. City of New York, 160 F.Supp.2d 398, 402 (E.D.N.Y. 2001) (holding that a plaintiff alleging employment discrimination under the Rehabilitation Act bears the initial burden of establishing a *prima facie* case). Once the plaintiff

---

[4] The Rehabilitation Act, 29 U.S.C. § 794(a) provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."

establishes a *prima facie* case of discrimination, the burden shifts to the defendant to rebut the inference that the disability was improperly considered by demonstrating that the disability is relevant to the qualifications for the position. D'Amico, 132 F.3d at 149.

To establish a *prima facie* case of employment discrimination under the Rehabilitation Act (the Act), the plaintiff must show (1) that he or she is an "individual with a disability" within the meaning of the Act; (2) that he or she was "otherwise qualified" to perform the position in question; (3) that he or she suffered an adverse employment action solely on the basis of his or her disability; and (4) that his or her employer receives federal funds. D'Amico, 132 F.3d at 150; Borkowski v. Valley Central School District, 63 F.3d 131, 135 (2d Cir. 1995); see also Simms, 160 F.Supp.2d at 402.

"The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Complaints alleging employment discrimination need not "contain specific facts establishing a prima facie case of discrimination" in order to survive a motion to dismiss. Id. at 512, 122 S.Ct. 992. Rather, a plaintiff in an employment discrimination case need only comply with the liberal pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which only requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Swierkiewicz, 534 U.S. at 512, 122 S.Ct. 992. The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (citation omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. Even if it appears on the face of the pleadings that recovery is very remote and unlikely, dismissal is not warranted at the pleading stage if the complaint otherwise satisfies the pleading requirements

of Rule 8. Id. at 515, 122 S.Ct. 992.

Applying the "simplified notice pleading standard" to this case, plaintiff's complaint satisfies the requirements of Rule 8 because it gives defendant fair notice of plaintiff's disability discrimination claims. Although plaintiff does not identify his alleged disability in the complaint, (Compl., ¶ 8), when considered together with the exhibits annexed thereto, it appears that plaintiff alleges that on November 25, 1991, he sustained back and shoulder injuries and post traumatic stress as a result of a fall. (Exhibits to Complaint at pp. 16 and 23). The complaint provides the relevant dates of the alleged discriminatory acts (Compl., ¶ 4), and details the allegedly discriminatory conduct (Compl., ¶ 8). Accordingly, the complaint provides defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See Swierkiewicz, 534 U.S. at 514, 122 S.Ct. 992 (finding that the petitioner's complaint gave the respondent fair notice of what the petitioner's claims were and the grounds upon which they rested where it detailed to events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination); Lee, 2006 WL 177175, at * 7 (finding that the complaint gave the defendant fair notice of the plaintiff's claims and the grounds upon which they rested where plaintiff alleged relevant dates and key actors, described the events leading to her termination and provided a general description of the circumstances she believed to be discriminatory).

Defendant alleges that plaintiff's complaint fails to state a *prima facie* case of disability discrimination because plaintiff cannot establish that he is an "individual with a disability" within the meaning of the Rehabilitation Act or that he suffered an adverse employment action.

Defendant's contention that plaintiff is not an "individual with a disability" within the meaning of the Rehabilitation Act, however, is inapposite in light of Swierkiewicz. Indeed, most, if not all, of the cases cited

by defendant in support of its position involve summary judgment motions, not motions to dismiss at the pleadings stage. Defendant's contention that plaintiff cannot establish a disability discrimination claim because he has not suffered an adverse employment action is also inappropriate. While the pleading standard is liberal, it must be clear from the complaint in an employment discrimination case what adverse employment action or actions serve as the basis for the discrimination claim. See Lee, 2006 WL 177175, at * 5. As noted above, supra, the following adverse employment actions are alleged in plaintiff's complaint and are exhausted: (1) that on March 2, 2005, Colon did not identify himself before he told plaintiff to get out of the station; and (2) that on March 22, 2005, plaintiff was wrongfully reported as AWOL. Thus, plaintiff's complaint provides defendant with fair notice of his claims of disability discrimination and the grounds upon those claims rest. Whether the acts alleged by plaintiff in his exhausted claims constitute adverse employment actions is more appropriately resolved on a motion for summary judgment.

D.  Retaliation Claims

In order to establish a *prima facie* case of retaliation, the plaintiff must show (1) that he or she was engaged in protected activity; (2) that the defendant was aware of such activity; (3) that he or she suffered an adverse employment action; and (4) that there is a causal connection between the protected activity and the adverse employment action. Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998). A plaintiff may prove causation either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or * * * (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Gordon v. New York City Board of Education, 232 F.3d 111, 117 (2d Cir. 2000).

The holding in Swierkiewicz also applies to plaintiff's retaliation claims. See Williams v. New York City Housing Authority, 458 F.3d 67, 72 (2d Cir. 2006). Thus, at the pleadings stage, a plaintiff is only required to give fair notice to the defendant of the retaliation claim and the grounds upon which it rests in order to defeat a motion to dismiss. See Swierkiewicz, 534 U.S. 506, 512, 122 S.Ct. 992; Borski v. Staten Island Rapid Transit, No. 04 CV 3614, 2006 WL 3681142, at * 4 (E.D.N.Y. Dec. 11, 2006).

Defendant contends that plaintiff fails to state a *prima facie* case of retaliation because he does not allege that the managers about whom he complains were aware of his EEO activity, that he suffered an adverse employment action, or that there is a causal connection between his EEO activity and the alleged acts of discrimination.

With respect to his retaliation claims, plaintiff claims to have engaged in EEO activity on April 21, 1997 and November 4, 1997, (Beckmann Decl., Ex. B), although he does not identify what the activity was or whether defendant was aware of that activity. Moreover, plaintiff does not allege a causal connection between the protected activity and the alleged adverse employment actions contained in his exhausted claims and, indeed, the approximate eight year period between the alleged protected activity and the adverse employment actions is likely too remote to establish causation indirectly. Notwithstanding these deficiencies in the complaint, however, plaintiff's complaint provides defendant with fair notice of his retaliation claim and the grounds upon which it rests and plaintiff may still be able to establish causation directly. Thus, plaintiff's complaint is sufficient, albeit barely, to withstand dismissal at the pleadings stage. See, e.g. McCalla v. SUNY Downstate Medical Center, No. 03-CV-2633, 2006 WL 1662635, at * 8 (E.D.N.Y. Jun. 8, 2006) (denying dismissal of the plaintiff's retaliation claim notwithstanding that the amended complaint did not describe facts alleging what specific protected activity the plaintiff engaged in, how the defendants were aware

14

of the activity, or that there was a causal connection between the protected activity and the adverse employment action). The merits of plaintiff's retaliation claim is more appropriately resolved on a motion for summary judgment.

III. CONCLUSION

For the reasons stated herein, defendant's motion for judgment on the pleadings is granted to the extent that plaintiff's claims alleging failure to promote, failure to accommodate, and a violation of medical restrictions are dismissed for failure to exhaust administrative remedies, and the motion is otherwise denied. The parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on **Thursday, April 19th, 2007 at 10:30 a.m.** for a settlement and/or scheduling conference with authority or persons with authority to resolve this action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

                                                      S/sjf_____
                                                      Sandra J. Feuerstein
                                                      United States District Judge

Dated: March 29, 2007
       Central Islip, New York

Copies to:

Law Offices of Martin J. Coleman
110 Marcus Blvd., Suite 300
Hauppauge, NY 11788

United States Attorney's Office

Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
Attn: Diane C. Leonardo-Beckmann